IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANNA THOMPSON,

    Plaintiff,

v.                           Civil Action No.: 2:21-cv-02129-MSN-jay

LAKESIDE BEHAVIORAL HEALTH
SYSTEM,

    Defendant.

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO EXTEND SCHEDULING ORDER DEADLINES AND
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S UNOPPOSED MOTION TO REOPEN DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

Before the Court is Plaintiff's Motion for Extension of the Scheduling Order Deadlines, docketed March 15, 2022. ("Plaintiff's Motion") (ECF No. 32.) Defendant had fourteen days to respond to this Motion under Local Rule 7.2(a)(2), or until March 28, 2022, and did not file a response.[1] On April 11, 2022, Defendant filed its Unopposed Motion for Extension of Time to Complete Discovery and File Dispositive Motions. ("Defendant's Motion") (ECF No. 34.) For the following reasons, the Court **GRANTS** Plaintiff's Motion and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

## BACKGROUND

Plaintiff initiated this matter by filing her Complaint on March 3, 2021. (ECF No. 1.) The

---

[1] Defendant asserts in its most recent filing certain grounds for good cause that the Court will address subsequently in this Order.

Court entered a Scheduling Order on June 2, 2021, which set February 4, 2022 as the deadline to complete all discovery and March 4, 2021 as the deadline to file dispositive motions. (ECF No. 20 at PageID 78–79.) The Scheduling Order has not been modified to date, which means the deadlines delineated above *still control* this litigation. (*Id.*) On March 15, 2022, Plaintiff filed her instant Motion in which she specifically requested "a 120 day extension of the deadlines in the *current scheduling order*." (ECF No. 32 at PageID 103) (emphasis added). Defendant had fourteen days, or until March 29, 2022, to respond under Local Rule 7.2(a)(2) but did not file a response.[2] Once apparent that Plaintiff's Motion would not be opposed, a law clerk corresponded with the parties on April 8, 2022 to propose new potential trial dates.[3] (*See* ECF No. 34 at PageID 107 n. 1.) Defendant filed its Motion requesting extensions of time to complete discovery and file dispositive motions on April 11, 2022. (ECF No. 34 at PageID 108.)

## **LEGAL STANDARD**

A scheduling order establishing discovery deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272 (6th Cir. 2021) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). "A court should also consider whether the non-moving party is prejudiced by the proposed modification of a scheduling order." *Prewitt v. Hamline Univ.*, 764 F. App'x 524, 530 (6th Cir. 2019) (citing *Inge*, 281 F.3d at 625). Although the Court has broad discretion to modify its own pretrial orders,

---

[2] Defendant asserts in its most recent filing certain grounds for good cause that the Court will address subsequently in this Order.

[3] Ten days passed between March 29, 2022, Defendant's response deadline, and April 8, 2022, the date the law clerk initiated correspondence with all counsel, which afforded Defendant ample time to respond—even to do so reasonably late.

"'[a]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings,' and . . . pretrial scheduling orders are 'the essential mechanism for cases becoming trial ready in an efficient, just, and certain matter.'" *Ruiz-Bueno v. Scott*, No. 2:12-cv-0809, 2014 WL 347041, at \*2 (S.D. Ohio Jan. 30, 2014) (quoting *Rouse v. Farmers State Bank*, 866 F. Supp. 1191, 1198– 99 (N.D. Iowa 1994)).

Moreover, the Sixth Circuit has made unfailingly clear that noncompliance with the Local Rules must not be lightly taken because they "promote the efficient operation of the district courts . . . ." *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984). The principle that "[d]istrict courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules and general orders" is also well settled. *Pearce v. Chrysler Grp., LLC Pension Plan*, 615 F. App'x 342, 349 (6th Cir. 2015); *see S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). "A court acts within its discretion when it strikes a filing for . . . untimeliness or a failure to comply with the local rules." *Johnson v. Baptist Mem'l Health Care Corp.*, No. 2:18-cv-02509, 2019 WL 5847850, at \*2 (W.D. Tenn. 2019); *see, e.g.*, *Ordos City Hawtai Autobody Co. v. Dimond Rigging Co.*, 695 F. App'x 864, 870–72 (6th Cir. 2017) (affirming the district court's decision to strike a response brief due to noncompliance with local rules); *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp., PLC*, 463 F.3d 478, 488–89 (6th Cir. 2006) (affirming the district court's decision to strike a reply brief for noncompliance with local rules); *Jones v. Northcoast Behavioral Healthcare Sys.*, 84 F. App'x 597, 598–99 (6th Cir. 2003) (affirming the district court's strike of untimely memorandum of law).

## **DISCUSSION**

The Court addresses the parties' two pending motions together in the same order, beginning

with Plaintiff's Motion, (ECF No. 32), and turning subsequently to Defendant's Motion.[4] (ECF No. 74.)

### A. Plaintiff's Motion

Although Defendant "does not oppose Plaintiff's Motion," the Court recognizes that the law requires good cause to amend a scheduling order. *See* Fed. R. Civ. P. 16(b)(4). To determine good cause, the Court must assess Plaintiff's "diligence in attempting to meet the case management order's requirements" and whether any such extension would prejudice Defendant. *Helena Agri-Enterprises, LLC*, 988 F.3d at 272 (quoting *Inge*, 281 F.3d at 625). Here, Plaintiff's counsel "experienced health issues beginning in November 2021 that [have] caused delays in the completion of discovery and underwent several medical procedures in January and February of this year." (ECF No. 32 at PageID 103.) Notwithstanding her health complications, "Plaintiff's counsel attempted to consult with Defendant's counsel . . . regarding the instant motion in January and February [but] did not receive a response."[5] (*Id.*) Plaintiff then filed her Motion on March 15, 2022 to request a "120 day extension of the deadlines in the current scheduling order." (*Id.*) On March 15, 2022, the *only* unexpired deadlines were those for the parties' joint pretrial order, pretrial conference, and jury trial. (ECF No. 20 at PageID 79.) Consequently, the Court construes the Motion as requesting an extension of these deadlines, even though Plaintiff's Motion does not make this request in such specific terms, because it will not resurrect expired deadlines and can

---

[4] Both motions are unopposed and neither party asserts it will be prejudiced by the relief sought by the other. (ECF No. 34 at PageID 207 n. 1, 109.) Therefore, the Court will limit its analysis to whether good cause exists to warrant the parties' requested relief.

[5] Plaintiff's counsel also consulted with Defendant's previous counsel in January about this relief; that attorney has since withdrawn. (*See* ECF Nos. 30, 31; ECF No. 32 at PageID 103.) The Court notes that these efforts do not go unnoticed and weigh in favor of Plaintiff's diligence in attempting to meet the deadlines, despite her medical condition.

only "continue" operative deadlines. Neither party filed a motion to extend the discovery or dispositive motions deadlines before those deadlines lapsed and Plaintiff's Motion does not make any such specific request; therefore, the only **operative** deadlines on March 15, 2022 were those previously stated, which is why the Court proposed to extend *just* those deadlines.[6] The Court finds Plaintiff's efforts, despite counsel's medical difficulties, reflect the diligence required for good cause under *Inge*. Therefore, Plaintiff's Motion is hereby **GRANTED**.

### B. Defendant's Motion

As previously discussed, the Court must primarily assess counsel's diligence to determine whether good cause has been shown to warrant an extension of deadlines. *See Inge*, 281 F.3d at 625. Defendant incorporates the same grounds for good cause proffered by Plaintiff in its unopposed Motion, which seeks to extend deadlines for discovery and dispositive motions for 120 days each. (*See* ECF No. 34 at PageID 107.) Defendant further argues that the fact "Lakeside substituted new counsel in this case" further justifies an extension of expired deadlines. (*Id.*)

Turning *initially* to whether the discovery deadline should be extended, the Court finds that Defendant has shown good cause to warrant this relief. Specifically, reopening discovery, even at this late juncture, is appropriate because Plaintiff's Motion represented that her counsel's health issues "caused delays in the completion of discovery."[7] (ECF No. 32 at PageID 103.) It would be inappropriate for the Court to conclude, contrary to Plaintiff's Motion, that discovery could have proceeded notwithstanding these health complications. While Defendant could—and perhaps

---

[6] The Court will not resurrect *expired* deadlines when such relief has not been specifically requested, let alone read such a request into a party's motion *sua sponte* without any textual basis.

[7] The Court previously found that these health issues do constitute good cause to extend deadlines that were frustrated by them. It granted Plaintiff's Motion to continue trial for this reason.

*should*—have moved to extend the discovery deadline before it actually lapsed, the Court is nonetheless persuaded that the unique circumstances present here warrant reopening discovery until the requested June 8, 2022 deadline.[8] Therefore, Defendant's request to extend its discovery deadline for 120 days is **GRANTED**.

*Next*, as to whether the dispositive motions deadline should be extended, the Court finds that Defendant has not established good cause for three reasons. First, Defendant does not explain in its Motion why its attorneys did not move to extend the dispositive motions deadline before its March 4, 2022 expiration. This question looms even larger when the Court considers that Plaintiff's counsel—battling health issues—"attempted to consult with Defendant's counsel . . . regarding [deadline extensions] in January and February [but] did not receive a response."[9] (ECF No. 32 at PageID 103.) In fact, Defendant's attorneys did not respond *at all* to Plaintiff's Motion until a law clerk emailed the parties twenty-four (24) days after Plaintiff filed it.

Second, while certainly true that one of Defendant's attorneys withdrew on December 14, 2021, (ECF Nos. 30, 31), another attorney filed a notice of appearance in this matter on that very same date. (ECF No. 29; ECF No. 34 at PageID 108 n. 2.) Consequently, Defendant has been represented by present counsel since December 14, 2021 and Defendant's Motion does not explain why the attorney who appeared on December 14, 2021 (and remains counsel of record to this day) could not have moved to extend the dispositive motions deadline during the ***80 days*** between

---

[8] While the Court is sensitive to medical issues that affect the parties or counsel, such issue alone do "not free attorneys from responsibility for staying up to speed on a case or mean that trial courts should ignore the costs to the system . . . ." *Kesterson v. Kent State University*, 967 F.3d 519, 529 (6th Cir. 2020).

[9] Defendant has had an ample opportunity to dispute this claim regarding communication, or lack thereof, but did not do so either in its Motion, (ECF No. 34), or otherwise. Thus, without more, the Court accepts this allegation as true.

December 14, 2021 and March 4, 2022, when the deadline expired.[10] The Court cannot divine how health issues suffered by *Plaintiff's* attorney somehow precluded either (or both) of *Defendant's* two attorneys from filing a timely motion to extend *their* deadline for dispositive motions during what can only be described as an exceptionally broad window of time.

Third, Defendant's Motion provides that "undersigned counsel interpreted the relief requested by Plaintiff to encompass an extension of the discovery and dispositive motion deadlines," (ECF No. 34 at PageID 1-7 n. 1), but in fact Plaintiff only requested a "120 day extension of the deadlines *in the current scheduling order*." (ECF No. 32 at PageID 103) (emphasis added). Thus, under the *current* scheduling order, (ECF No. 20), the Court recognizes that the deadlines for discovery and dispositive motions *expired* on February 4, 2022 and March 4, 2022, respectively. Defendant's counsel has not explained a basis—derived from the plain language of Plaintiff's Motion or otherwise—to support her interpretation that Plaintiff sought to resurrect and extend the dispositive motions deadline that expired *10 days* earlier. Therefore, because multiple circumstances in this matter indicate a dearth of diligence on the moving party', Defendant's request to extend its dispositive motions deadline by 120 days is hereby **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion, (ECF No. 32), is hereby **GRANTED** in full and Defendant's Motion, (ECF No. 34), is hereby **GRANTED IN PART AND DENIED IN**

---

[10] The Court notes that another attorney filed her notice of appearance for Defendant on March 28, 2022. (ECF No. 33; ECF No. 34 at PageID 108 n. 2.) Defendant's deadline to respond to Plaintiff's Motion, (ECF No. 32), was March 29, 2022, which meant this attorney technically could have filed a timely response—or, perhaps more prudently, requested an extension of time to respond—and has failed to delineate with specificity *why* she failed to do so. However, not only did Defendant's assigned attorneys neglect both of these alternatives, they also neglected to file even a *late* motion for an extension of time until a law clerk emailed all counsel on April 8, 2022—eight days after the March 29, 2022 deadline—to propose new trial dates. Only at this juncture did Defendant's attorneys file Defendant's Motion on April 11, 2022. (ECF No. 34.)

**PART**.  The parties' discovery, jury trial, pretrial conference, and pretrial order deadlines will be continued in a forthcoming amended scheduling order.  The deadline for filing dispositive motions has expired and remains unaffected by this Order.

**IT IS SO ORDERED** this 19th day of April, 2022.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE
